OPINION
This cause is an accelerated appeal from the convictions of defendant-appellant, Ronald McCleese, in the Brown County Court for improper headlight illumination, R.C. 4513.15(A), and possession of drugs, R.C. 2925.11. In a single assignment of error, appellant argues that the trial court improperly denied his motion to suppress.
First, appellant challenges the legality of the traffic stop. As a general matter, an officer's decision to stop an automobile is reasonable under the Fourth Amendment whenever the officer has "probable cause to believe that a traffic violation has occurred." Whren v. United States
(1996), 517 U.S. 806, 810, 116 S.Ct. 1769, 1772; see, also, Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus. In this case, an Ohio state trooper had probable cause to believe that appellant had committed a traffic violation by failing to dim his vehicle's high beams as he approached an oncoming vehicle. Therefore, a traffic stop of appellant was justified. See Westlake v. Kaplysh (1997), 118 Ohio App.3d 18.
Second, appellant argues that the trooper lacked probable cause to conduct a pat-down search of appellant. Upon speaking to appellant, the trooper observed behaviors that led him to believe that appellant was intoxicated and was not of legal drinking age. Before conducting a horizontal gaze nystagmus test in his patrol car, the trooper conducted a pat-down search of appellant. At a motion to suppress hearing, the trooper testified that he conducted "a pat down for weapons for my safety before I sat him [appellant] in my car."
The Supreme Court of Ohio has held that "[t]he driver of a motor vehicle may be subjected to a brief pat-down search for weapons where the detaining officer has a lawful reason to detain said driver in a patrol car." State v. Evans (1993), 67 Ohio St.3d 405, at paragraph one of the syllabus. Therefore, we find that the pat-down search of appellant was legally justified.
The motion to suppress was properly denied and the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.